Averill **DOUTHITT** et al., Appellants,

v.

Everett **HAYNIE**, Appellee.

No. 4467.

Court of Civil Appeals of Texas.

Waco.

Jan. 20, 1966.

Rehearing Denied Feb. 3, 1966.

B. R. Reeves, Palestine, for appellee.

A. H. Menefee, W. R. Malone, Madisonville, (on appeal only), Knight & Knight, Madisonville, (on appeal only), for appellants.

McDONALD, Chief Justice.

This is the contest of the will of Mrs. Carrie Langston on the ground that testatrix was of unsound mind, and was unduly influenced at the time the will was executed. Plaintiffs are testatrix's brothers, sisters, nieces and nephews and are all of her heirs at law; defendant Haynie is sole beneficiary and executor of testatrix's will. Trial was before the court without a jury which, after hearing, found that testatrix was not of unsound mind on September 18, 1952, the date of the execution of such will; found that the will was not procured by undue influence exerted by defendant Haynie or any other person; confirmed and approved the judgment of the County Court probating such will; and decree that plaintiffs take nothing.

Plaintiffs appeal, contending the trial court's finding 1) that Carrie Langston was not of unsound mind; and 2) that Carrie Langston was not laboring under undue influence exerted upon her by proponent or anyone else; are against the great weight and preponderance of the evidence.

Testatrix executed the will on September 18, 1952. She signed with her mark in the presence of the subscribing witnesses, one of whom was the secretary of the preparing attorney, Joe H. Seale. Defendant Haynie was sole beneficiary and executor of the will. Defendant was present at the signing of the will and had driven testatrix to the office of the preparing attorney where the will was executed. Testatrix was 63 years old when she executed the will; which was 3 years after the death of her husband; testatrix died 12 years after execution of the will; and was survived by several brothers, sisters, nieces and nephews who are plaintiffs herein.

Plaintiffs' 1st point complains of the trial court's finding that testatrix was not of unsound mind at the time of the execution of the will.

Some 20 witnesses testified as to the mental capacity of testatrix; 10 witnesses characterized the mind of testatrix as unsound, while 10 others testified she was of sound mind. There is evidence that testatrix was eccentric, peculiar, retiring, and timid; and that she could not read and write. There is other evidence that she attended to her business; knew the nature and extent of her property; and knew her brothers, sisters and kinpeople.

Plaintiffs contend that if testatrix was of sound mind she was laboring under an insane delusion as regards her brothers and sisters "not caring anything about her", when the facts were they had dug her a well, tried to get her to come and live with them, and had in fact been good to her. The record reflects that testatrix's brothers and sisters had opposed her marriage; that she had a lawsuit with some of them over property; that when testatrix's husband got into trouble he appealed to her people for help but did not receive any.

▉ While the testimony is in conflict on whether testatrix was of unsound mind, and upon whether she was laboring under an insane delusion, there is ample credible testimony to sustain the finding of the trial court, and such finding is not against the overwhelming weight and preponderance of the evidence.

▉ Plaintiffs' 2nd contention complains of the trial court's finding that testatrix was not laboring under undue influence exerted by proponent or anyone else. Plaintiffs complain that testatrix was unduly influenced by her deceased husband, and by proponent. The test of undue influence is whether such control was exercised over the mind of testatrix as to overcome her free agency and free will and to substitute the will of another so as to cause the testatrix to do what she would not have done but for such control. Scott v. Townsend, 106 Tex. 322, 166 S.W. 1138; Curry v. Curry, 153 Tex. 421, 270 S.W.2d 208; Boyer v. Pool, 154 Tex. 586, 280 S.W.2d 564; Lipper v. Weslow, Tex.Civ.App. (n. r. e.) 369 S.W.2d 698.

Testatrix made an unnatural disposition of her property, in that she left it to defendant, who was not related to her, and excluded plaintiffs, who were her brothers, sisters, nieces and nephews. It is further shown that defendant had some opportunity and perhaps motive to exercise undue influence over testatrix. Contestants must go further, however, and prove that the will as written resulted from defendant (or another) substituting his mind and will for that of testatrix.

Testatrix's people opposed her marriage; testatrix and her husband had a lawsuit with some of her people; and they refused to help when testatrix's husband was in trouble. Defendant, on the other hand, was kind to testatrix; leased her property; he and his wife carried her to the grocery store to buy groceries.

Testatrix did not execute such will until her husband had been dead 3 years; she lived 12 years after executing it; and told in the community that she was not going to will her property to her kinpeople.

■ We think there is no showing of undue influence, and in any event the finding of the trial court that testatrix was not unduly influenced is not against the great weight and preponderance of the evidence.

All of plaintiffs' points and contentions have been considered and are overruled.

Affirmed.